IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE EARL MCCLELLAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARRY E. WILSON, et al. | : | NO.  06-1930 |
| | : | |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                              December 12, 2006
UNITED STATES MAGISTRATE JUDGE

Petitioner Willie Earl McClellan, a prisoner at the State Correctional Institution at Fayette
in LaBelle, Pennsylvania, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2254.  Based on a careful review, I recommend his petition be denied for the following reasons.

## 1.   FACTUAL AND PROCEDURAL HISTORY

On June 8, 1999, petitioner pled guilty to the first degree murders of Patrice McClellan
and Willie McClellan, Jr. and possession of the instrument of the crime before Judge James A.
Lineberger of the Philadelphia Court of Common Pleas.  See N.T. Guilty Plea 6/8/1999 at 47.
Subsequently, he filed a petition to withdraw his guilty plea on June 15, 1999.  Commonwealth
v. McClellan, No. CP9802-0824, at 1 (Pa. Ct. of Common Pleas Dec. 6, 1999).  On June 15,
1999, his trial counsel, Jack McMahon, filed a petition to withdraw as petitioner's attorney,
which Judge Lineberger granted, and Bernard Siegel was appointed as petitioner's attorney on

June 24, 1999.  Id.  At the petitioner's sentencing hearing on November 24, 1999, Judge

Lineberger denied petitioner's request to withdraw his guilty plea.  See N.T. Sentencing

11/24/1999 at 15.  He sentenced McClellan to two consecutive terms of life imprisonment and a

concurrent term of one and a half to three years for the weapons possession conviction.  See id. at

20-21.  Petitioner appealed the court's denial to permit him to withdrawn his guilty plea, arguing

his trial counsel was ineffective for inducing him to plead guilty.  Commonwealth v. McClellan,

No. CP9802-0824, at 1 (Pa. Ct. of Common Pleas Dec. 6, 1999).  In an opinion issued December

6, 1999, Judge Lineberger denied petitioner's claims.  Id. at 4.  Following the denial of

petitioner's post-verdict motions, he appealed to the Superior Court of Pennsylvania, which

affirmed his sentence in an unpublished opinion dated February 23, 2001.  Commonwealth v.

McClellan, No. 148 EDA 2000, at 1 (Pa. Super. Feb. 23, 2001) ("Pa. Super Ct. Op. filed

2/23/2001").  McClellan did not seek discretionary review by the Supreme Court of

Pennsylvania.  Def. Br. at 5.

On January 21, 2003, petitioner filed a petition for state habeas relief pursuant to the Post

Conviction Relief Act, 42 Ps. C.S. § 9541 ("PCRA"), et seq.  The PCRA court denied relief on

December 4, 2003.  See Commonwealth v. McClellan, No. 157 EDA 2004, at 1 (Pa. Super. Apr.

11, 2005) ("Pa. Super Ct. Op. filed 4/11/2005").  Petitioner timely appealed to the Superior

Court, which affirmed on April 11, 2005.  Id.  In response, he filed an allocatur petition for

Pennsylvania Supreme Court, which denied discretionary review on March 15, 2006.

Commonwealth v. McClellan, 897 A.2d 453 (Pa. 2006).

Having exhausted his state remedies, petitioner filed a petition for federal habeas relief

pursuant to 28 U.S.C. § 2254 on May 5, 2006 in which he raised the following five claims: (1)

2

"Petitioner entered a negotiated Guilty Plea unintelligently and unknowingly giving up the right to present a defense to the alleged charge filed against him," (2) "Petitioner's Guilty Plea was involuntary due to Petitioner's Mental State being in question at the time the plea was being negotiated and entered," (3) "Petitioner's conviction was obtained with the use of a statement in violation of Miranda Rights being given," (4) "Petitioner was denied effective assistance of counsel at Trial and for [the] Appellate process," and (5) "Petitioner was denied appellate review due to Trial Court['s] failure to forward complete record to petitioner and [the] Appellate Court." See Hab. Pet. at 9.

## 2.   PROCEDURALLY DEFAULTED CLAIMS

Defendant argues that the first four claims raised by McClellan in his habeas petition have been procedurally defaulted because the petitioner did not present these claims before the state appellate courts on direct appeal or during PCRA proceedings.  Def. Br. at 10-11, 13, 15-17.

The Third Circuit has stated that "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus filed by a person incarcerated from a judgment of a state court unless the petitioner has first exhausted the remedies available in state court." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) (citing 28 U.S.C.  2254(b)(1)(A)), cert. denied, 532 U.S. 919 (2001).  See also Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). Specifically, "state prisoners must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 8445 (1999).  See also Wegner v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, Wenger v. Kyler, 535 U.S. 957 (2002).

3

Requiring exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Lambert, 134 F.3d at 513 n. 18 (citing Toulson, 987 F.2d at 986). Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be strictly adhered to because it expresses respect for our dual judicial system." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (quoting Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990)). See also Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality.")

The petitioner bears the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requirements entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). See also Cooper v. Price, 82 Fed.Appx. 258, 260 (3d Cir. 2003). Thus, "the habeas petitioner carries the burden of proving exhaustion of all available state remedies." Lambert, 134 F.3d at 513 (citing Toulson, 987 F.2d at 987).

The procedural default doctrine bars federal habeas review of claims which have been procedurally defaulted in state court. See Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002), cert. denied, Cristin v. Wolfe, 527 U.S. 897 (2002) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991). "By refusing to consider claims that have been procedurally defaulted in state court, the doctrine 'encourage[s] state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.'" Cristin, 281 F.3d at 410 (quoting Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).

In Coleman v. Thompson, 501 U.S. at 750, the Supreme Court explained the exceptions

4

to the procedural default doctrine:

> In all cases in which a state prisoner has defaulted his federal claims in state courts[,] . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.

See also Cristin, 281 F.3d at 409 n. 5.  To satisfy the cause and prejudice requirement, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements."  Id. at 412 (quoting Coleman, 501 U.S. at 753).  See also Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claim will result in a "miscarriage of justice."  See Werts, 228 F.3d at 193.  "Generally, this exception will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Id. (quoting Murray, 477 U.S. at 496).  "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence."  Cristin, 281 F.3d at 412 (quoting Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir. 2001) (citations omitted)).  See also Schlup v. Delo, 513 U.S. 298, 316 (1995).

In the present case, the Commonwealth contends that petitioner failed to fairly present the following four claims contained in his federal habeas petition to the Pennsylvania courts: (1) "Petitioner entered a negotiated Guilty Plea unintelligently and unknowingly giving up the right to present a defense to the alleged charge filed against him," Def. Br. at 10-11, (2) "Petitioner's Guilty Plea was involuntary due to Petitioner's Mental State being in question at the time the

plea was being negotiated and entered," Def. Br. at 13, (3) "Petitioner's conviction was obtained

with the use of a statement in violation of Miranda Rights being given," Def. Br. at 15-16, (4)

"Petitioner was denied effective assistance of counsel at Trial and for [the] Appellate process."

Def. Br. at 16-17.  McClellan can not raise any additional claims in state court because he is time

barred under the PCRA's one year limitation for filing a petition for collateral relief.  See 42 Pa.

Cons. Stat. Ann. § 9545(b)(1).  See also Whitney v. Horn, 280 F.3d 240, 250-51 (3d Cir. 2002).

Therefore, if the petitioner did not exhaust his claims raised in his federal habeas petition in state

court, his claims are procedurally defaulted.  See McCandless v. Vaughn, 172 F.3d 255, 260 (3d

Cir. 1999).

> During his direct appeal, Petitioner raised only two claims:

> When a defendant both pleads guilty to first-degree murder and receives a
> sentence of life imprisonment on one day, and on the same day decides to
> withdraw his plea, does not the trial court abuse its discretion in refusing to allow
> him to withdraw the plea where the Commonwealth can show no substantial
> prejudice?

> Where a defendant presents proof that his pleas of guilty to two counts of first-
> degree murder were included only after hours-long heated arguments with his
> family and lawyer, and where he maintains his innocence and the Commonwealth
> suffers no substantial prejudice, is it not manifestly unjust to refuse his motion to
> withdraw his pleas after sentencing?

Pa. Super Ct. Op. filed 2/23/2001 at 3-4.  In addition, the Superior Court determined that "this

case came to this Court under the guise of an ineffective assistance of counsel claim."  Id. at 4.

In the Court of Common Pleas, petitioner challenged that his trial counsel, Jack McMahon,

provided ineffective assistance by advising him to plead guilty.  Id. at 3.  As a result, the Superior

Court evaluated whether McMahon provided effective assistance to petitioner in connection with

his decision to plead guilty.  Id. at 4-7.  See Tolliver v. Henderson, 411 U.S. 258, 267 (1973)

6

(stating the only cognizable claim following a guilty plea is a claim that counsel furnished

ineffective assistance of counsel in connection with the decision to plead guilty).

In his PCRA appeal, petitioner raised six additional claims:

1. Whether trial judge's off record threats from the bench to defense counsel denied a defendant a fair and impartial trial?

2. Whether defendant's constitutional rights were violated by trial judge's participation in discussion to construct the terms of the negotiated plea prior to defendant's knowledge?

3. Whether defendant's constitutional rights were violated trial by the judge's influence in appointment of specific counsel for post-trial motion and direct appeal?

4. Whether defendant's constitutional rights were violated by appointed counsel's refusal to raise judicial and prosecutorial misconduct issues?

5. Whether defendant's constitutional rights were violated as a direct result of both judicial and prosecutorial misconduct raised in PCRA which was dismissed in another attempt to conceal the issues deemed an "obstruction of justice" once demonstrated in the appellate court?

6. Whether PCRA court's jurisdiction was relinquished by [the] Pennsylvania Supreme Court prior to the dismissal?

Pa. Super Ct. Op. filed 4/11/2005 at 4.

With respect to petitioner's ineffective assistance of trial and appellate counsel claims,

McClellan is barred from raising any ineffective assistance of counsel claim against his PCRA

counsel.[1]  To the extent that the present petition can be construed to pertain to the ineffectiveness

---

[1]  To the extent that petitioner claims ineffective assistance of PCRA counsel as "cause" for his defaults, Pet. Br. at 5-11, those claims must fail.  The conduct of counsel on collateral appeal cannot amount to cause that would excuse a failure to properly litigate a claim in state court.  See Caswell, 953 F.2d at 862 ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."); Cristin, 281 F.3d at 420 (quoting Coleman, 501 U.S. at 752) (no constitutional right to counsel at the PCRA level of appeal); see also 28 U.S.C. § 2254(i) (Supp. 2002) ("The ineffectiveness or

of his trial counsel, Jack McMahon, in connection with the decision to plead guilty and the ineffectiveness of his direct appellate counsel, Bernard Siegel, for failure to raise judicial and prosecutorial misconduct issues, these ineffective assistance of counsel claims are not procedurally defaulted.[2]   However, all other ineffective assistance of counsel claims raised by petitioner in his federal habeas brief against his trial counsel and his direct appellate counsel, Pet. Br. at 5-11, are procedurally defaulted.

Additionally, petitioner fails to show that he exhausted the other three aforementioned claims.  Upon review, it is clear that McClellan did not raise any claims in state court about his mental state at the time the plea was being negotiated and the use of statements in violation of his Miranda rights.  With respect to his first claim that petitioner "entered a negotiated Guilty Plea unintelligently and unknowingly giving up the right to present a defense to the alleged charge filed against him," this court finds that this claim is distinct from both of the claims raised in his direct appeal.  In his federal petition and brief, McClellan explains that his guilty plea was

---

incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")  Therefore, petitioner fails to show cause that would excuse petitioner's default in failing to properly litigate his claims in his PCRA appeal.  Since petitioner fails to show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default on PCRA appeal, this court may not consider the merits of petitioner's defaulted claims.  See Cristin, 281 F.3d at 409 n. 5 (quoting Coleman, 501 U.S. at 750).  See also Werts, 228 F.3d at 194.

[2]  In Haines v. Kerner, 404 U.S. 519, 520 (1972), the U.S. Supreme Court held that a *pro se* petitioner's pleadings should be liberally construed.  See also U.S. v. McGrath, 188 F.3d 99, 108 (3d Cir. 1999).  Further, the Third Circuit instructs that any ambiguity in papers filed by prisoner *pro se* should be resolved in favor of an intention by the prisoner to perform a meaningful act.  Evans v. United States, 387 F.2d 160, 161 (3d Cir. 1967).  Due to his status as a *pro se* petitioner, this court will construe the ambiguous language contained in McClellan's federal petition in the manner most favorable to him.  Additionally, in his federal brief, petitioner raises the issue of ineffective assistance of appellate counsel for failure to raise judicial and prosecutorial misconduct issues.  Pet. Br. at 9.

unintelligently and unknowingly entered because the trial court failed to inform him that it is not

possible to plead guilty to first-degree murder because, as he reasons, only jury can decide

whether a defendant accused of murder had the intent to kill.  <u>See</u> Hab. Pet. at 9; Pet. Br. at 1.

Petitioner "carries the burden of proving exhaustion of all available state remedies."  <u>Lambert</u>,

134 F.3d at 513 (citing <u>Toulson</u>, 987 F.2d at 987). In the present case, McClellan fails to

demonstrate that the  Pennsylvania courts had a  "full opportunity to resolve" these claims during

"one complete round of the State's established appellate review process," and, thus, this claim

was not properly exhausted.  <u>See O'Sullivan</u>, 526 U.S. at 844-45; <u>Wegner</u>, 266 F.3d at 223; <u>see</u>

<u>also</u> <u>O'Sullivan</u>, 526 U.S. at 848 (federal courts must ask whether habeas petitioner "has

**properly** exhausted" state remedies.)

       To the extent that petitioner claims ineffective assistance of counsel as "cause" for his

defaults, Pet. Br. 5-11, that claim must fail.  The conduct of counsel on collateral appeal cannot

amount to cause that would excuse a failure to properly litigate a claim in state court.  <u>See</u>

<u>Caswell</u>, 953 F.2d at 862 ("Ineffectiveness of counsel does not provide sufficient cause to excuse

procedural default when counsel is not constitutionally mandated."); <u>Cristin</u>, 281 F.3d at 420

(quoting <u>Coleman</u>, 501 U.S. at 752) (no constitutional right to counsel at the PCRA level of

appeal); <u>see also</u> 28 U.S.C. § 2254(i) (Supp. 2002) ("The ineffectiveness or incompetence of

counsel during Federal or State collateral post-conviction proceedings shall not be a ground for

relief in a proceeding arising under section 2254.")  Therefore, petitioner fails to show cause that

would excuse petitioner's default in failing to properly litigate his claims in his direct appeal and

his PCRA appeal.  Since petitioner fails to show "cause and prejudice" or a "fundamental

miscarriage of justice" to excuse his default, the Court may not consider the merits of petitioner's

defaulted claims.  See Cristin, 281 F.3d at 409 n. 5 (quoting Coleman, 501 U.S. at 750); see also

Werts, 228 F.3d at 194.

### 3.    CLAIMS EVALUATED ON THE MERITS

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), P.L. 104-132 (Apr. 26, 1996), precludes federal habeas relief to "a

person in custody pursuant to the judgment of a State court" based on:

> any claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim:
>
> (1) resulted in a decision that was **contrary to**, or involved in an **unreasonable
> application of**, clearly established Federal law, as determined by the Supreme
> Court of the United States,[3] or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (footnote added) (emphasis added); see Duncan v. Morton, 256 F.3d 189,

196 (3d Cir. 1999), cert. denied 534 U.S. 919 (2001).  In Williams v. Taylor, 362, 412-13 (2000)

(footnote added), the Supreme Court interpreted the standard under §2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by [the Supreme] Court
> on a question of law[4] or if the state court decides a case differently than [the

---

[3]  "Clearly established Federal law, as determined by the Supreme Court of the United
States" refers to the "holdings, as opposed to dicta" of the Supreme Court's decision as of the
time of the relevant state court decision.  Yarborough v. Alvarada, 541 U.S. 652, 660-61 (2004)
(quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).

[4]  Thus, "[a] state-court decision is contrary to [the Supreme Court's] clearly established
precedents if it applies a rule that contradicts the governing law set forth in [the Supreme
Court's] cases."  Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405).
See also Early v. Packer, 537 U.S. 3, 8 (2002).

Supreme] Court's decision but unreasonably applies the facts to that prisoner's case.

The Court of Appeals for the Third Circuit observed in <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 888 (3d Cir. 1999) (emphasis added), <u>cert. denied</u>, 528 U.S. 824 (1999),[5] that to prove entitlement to habeas relief under the "contrary to" provision of § 2254(d)(1), "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent **requires the contrary outcome**." <u>See Werts</u>, 228 F.3d at 197.  "This standard precludes granting habeas relief solely on the basis of simple disagreement with a reasonable state court interpretation of applicable precedent."  <u>Id</u>. at 197 (quoting <u>Matteo</u>, 171 F.3d at 888).

When making the "unreasonable application" inquiry, the federal habeas court should ask "whether the state court's application of clearly established federal law was **objectively unreasonable**." <u>Williams</u>, 529 U.S. at 409 (emphasis added).  <u>See also</u> <u>Chadwick v. Janecka</u>, 312 F.3d 597, 607 (3d Cir. 2002) (citing <u>Matteo</u>, 171 F.3d at 891).  In applying the "unreasonable application" provision of § 2254, "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in **an outcome that cannot reasonably be justified under existing Supreme Court precedent**."  <u>Matteo</u>, 171 F.3d at 891 (emphasis added).  <u>See also</u> <u>Chadwick</u>, 312 F.3d at 607; <u>Werts</u>, 228 F.3d at 197.

The Supreme Court stressed that an application of federal law may be incorrect but still

---

[5] Prior to the Supreme Court's decision in <u>Williams v. Taylor</u>, the Court of Appeals for the Third Circuit construed the standard of review under § 2254(d)(1) in <u>Matteo</u>.  The Third Circuit has since stated that its opinion in <u>Matteo</u> is in accord with the Supreme Court's decision in <u>Williams</u>.  <u>See</u> <u>Werts</u>, 228 F.3d at 197.

not unreasonable.  <u>Williams</u>, 529 U.S. at 411.  <u>See also</u> <u>Duncan</u>, 256 F.3d at 196; <u>Werts</u>, 228

F.3d at 196.  Thus, mere disagreement with a state court's conclusions is sufficient to justify

relief.  <u>Williams</u>, 529 U.S. at 411.  <u>See also</u> <u>Matteo</u>, 171 F.3d at 891.  In determining whether the

state court's application of the Supreme Court precedent is objectively reasonable, habeas courts

may consider the decisions of federal courts of appeals of appeals and district courts.  <u>Matteo</u>,

171 F.3d at 890; <u>Ross v. Vaughn</u>, 2001 WL 818359, at *4 (E.D. Pa. Jan 16, 2001).

With regard to findings of fact, § 2254(e)(1) provides that a state court's determination of

a factual issue[6] is "**presumed to be correct**" and further provides the habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1) (emphasis added); <u>see</u> <u>Chadwick</u>, 312 F.3d at 607; <u>Duncan</u>, 256 F.3d at

196; <u>Werts</u>, 228 F.3d at 196.  "This presumption applies to factual determinations of both state

trial and appellate courts."  <u>Duncan</u>, 256 F.3d at 196.  <u>See also</u> <u>Stevens v. Delaware Correctional</u>

<u>Ctr.</u>, 295 F.3d 361, 368 (3d Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)).  Furthermore, under

Supreme Court and Third Circuit precedent, the presumption of correctness under the habeas

statue applies to **implicit** factual findings as well as express findings of the state court.  <u>See</u>

<u>Campbell v. Vaughn</u>, 209 F.3d 285-86, 290 (3d Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1084 (2001).

---

[6] Factual issues are "basic, primary or historical facts: facts 'in the sense of a recital of external events and the credibility of the narrators."  <u>Berryman v. Morton</u>, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting <u>Townsend v. Sain</u>, 372 U.S. 293 (1963)).

## 3 (A).   DENIAL OF APPELLATE REVIEW DUE
## TO THE SUPERIOR COURT'S ABUSE OF DISCRETION

Petitioner argues that he "was denied appellate review due to [the] Trial Court's failure to provide a complete copy of the record to petitioner and [the] Appellate Court." Hab. Pet. at 9. Specifically, he contends that he filed a criminal docketing statement and motion to request documents and a complete set of the Notes of Testimony in the Superior Court of Pennsylvania. Pet. Br. at 12.   He argues that he "was clearly denied appellate review of the complete record in Superior Court," which "abused its discretion when [an] incomplete record was used to affirm the Lower Court's decision." Id. at 14.

To the extent that petitioner raises claims which challenge the PCRA proceedings, see e.g., Pet. Br. at 12-15, this court notes that these claims are not cognizable federal habeas claims. The "federal role in reviewing an application for habeas corpus is **limited** to evaluating what occurred in the state or federal proceedings that **actually led to the petitioner's conviction**; what occurred in the petitioner's **collateral** proceeding does **not** enter into the habeas calculation." Hassine v.  Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (emphasis added).  See also Taylor v. Carroll, 2006 WL 278542, at *2 (D. Del. Feb. 6, 2006) (quoting Hassine); Lambert, 387 F.3d at 247 ("[A]lleged errors in collateral proceedings . . . are not a proper basis for habeas relief from the original conviction.  It is the original trial that is the 'main event' for habeas purposes."); Mason v. Myers, 208 F.3d 414, 417 (3d Cir. 2000) (rejecting the premise that a delay in a collateral proceeding can be the basis of a petition for a writ of habeas corpus"); Abu-Jamal v. Horn, 2001 WL 1609690, at *129 (E.D. Pa. Dec. 18, 2001) (holding that "a viable habeas claim cannot be predicated on petitioner's allegations of error in his PCRA hearing").

13

Indeed, in addition to the Third Circuit, "the Fourth, Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits agree that an alleged error in state **collateral** proceeding **does not provide a basis for federal habeas relief**." Taylor, 2006 WL 278542 at *2 n.1 (citing McGee v, Crosby, 2005 WL 9541123 at *3 n. 9 (N.D. Fla. Apr. 19, 2005) (collecting cases)) (emphasis added). Further, pursuant to the federal habeas statute, a federal court may consider a habeas petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a) (emphasis added). "Claims based on errors of state law or challenging a state court's interpretation of state law are not cognizable on federal habeas review." Taylor, 2006 WL 278542 at *2. See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Therefore, petitioner's claim attacking his state collateral proceedings are not cognizable under § 2254, and must be dismissed for that reason.


### 3 (B).    INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

In his habaes petition, McClellan asserted that he "was denied effective assistance of counsel at Trial and for [the] Appellate process." Hab. Pet. at 9. See also Pet. Br. at 5-11. Due to the application of the procedural default doctrine, he raised a valid ineffective assistance of counsel claim against his trial counsel, Jack McMahon, in connection with his decision to enter a guilty plea, see Pet. Br. at 5-9, and against his direct appellate counsel, Bernard Siegel, for refusal

14

to raise judicial misconduct issues, see Pet. Br. at 9-11.[7]  <u>See above</u> at 7-8.

Claims of ineffective assistance of counsel are evaluated pursuant to the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668,  687 (1984).   In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part Strickland v. Washington test apples to challenges to guilty pleas based on ineffective assistance of counsel."  In order for petitioner to establish a claim of ineffective assistance of counsel under <u>Strickland</u>:

> First, [McClellan] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, [he] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>See also</u> <u>Thomas v.Varner</u>, 428 F.3d 491, 499 (3d Cir. 2005).[8]

To establish deficient performance by counsel, the petitioner "must show that counsel's representation fell below an **objective standard of reasonableness**."  <u>Id</u>. (citing <u>Strickland</u>, 466 U.S. at 688) (emphasis added).  There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Strickland</u>, 466 U.S. at 690.

In meeting the prejudice prong of an ineffective assistance claim: "the defendant must

---

[7]  In his federal habeas brief and petition, McClellan does not raise a claim of ineffective assistance of counsel against Siegel for failure to raise a prosecutorial misconduct claim.  <u>See</u> Hab. Pet. at 9; Pet. Br. at 9-11.

[8]  An inquiry into effective assistance of counsel is a mixed question of law and fact. <u>Berryman</u>, 100 F.3d at 1094.  Therefore, an ineffective assistance claim "require[s] the application of a legal standard to the historical-fact determination."

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.   See Douglas v. Cathel, 456 F.3d 403 (3d Cir. 2006).  In the context of a challenge to a guilty plea based on ineffective assistance of counsel, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  Hill, 474 U.S. at 59.  Although Strickland is a two-prong test in evaluating claims of ineffective assistance, it is unnecessary for the court to address both components of the inquiry if the petitioner makes an insufficient showing on one prong of the test.  Strickland, 466 U.S. at 694.

In addressing petitioner's ineffective assistance of counsel claims in the present case, the Superior Court of Pennsylvania applied the legal standard under Pennsylvania law in the direct and PCRA appeals.  Pa. Super Ct. Op. filed 2/23/2001 at 4 (applying Commonwealth v. Allen, 732 A.2d 582, 587 (Pa. 1999)).  See also Pa. Super Ct. Op. filed 4/11/2005 at 8 (citing Commonwealth v. Lopez, 854 A.2d 465, 469 (2004)).  The Third Circuit has "ruled that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland."  See Jacobs v. Horn, 395 F.3d 92 n. 9 (3d Cir. 2005).  See also Werts, 228 F.3d at 204 (finding that application of Pennsylvania's standard governing ineffective assistance of counsel claims was not contrary to established Supreme Court precedent); Brand v. Gillis, 210 F.Supp.2d 677, 684 (E.D. Pa. 2002) (Pennsylvania standard governing ineffective assistance of counsel claims "has been found materially identical" to the Strickland test), aff'd, 82 Fed. Appx. 278 (3d Cir. Dec. 2, 2003) (unpublished).  Therefore, "the state court identifie[d] the correct governing legal principle" in this case at both the direct appeal and the PCRA appeal.  See

Williams, 529 U.S. at 412-13.

Furthermore, petitioner has failed to show that "the state court [was] confronted [with] a set of facts that [were] materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrive[d] at a result different from a decision of [the Supreme] Court." See Williams, 529 U.S. at 406.

Therefore, the legal standard applied by the state court in this case was not "contrary to" the Supreme Court's well-established rule governing ineffective assistance of counsel. See Williams, 529 U.S. 405-06; Werts, 228 F.3d at 204; Brand, 210 F. Supp.2d at 684. See also Early, 537 U.S. at 8 (complying with AEDPA does not require state-court decision to cite relevant Supreme Court cases –" indeed it does not even require **awareness** of the [Supreme Court] cases, so long as neither the reasoning nor the results of the state-court decision contradicts them.") (emphasis in original).

On direct appeal, the Superior Court of Pennsylvania reviewed and affirmed the trial court's decision to dismiss McClellan's ineffective assistance of trial counsel claim. See Pa. Super Ct. Op. filed 2/23/2001 at 4. With regard to findings of fact, § 2254(e)(1) provides that a state court's determination of a factual issue  is "**presumed to be correct**" and further provides that the **habeas** petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1) (emphasis added).  See also Chadwick, 312 F.3d at 607; Duncan, 256 F.3d at 196; Werts, 228 F.3d at 196.  Under Supreme Court and Third Circuit precedent, the presumption of correctness under the **habeas** statue applies to **implicit** factual findings as well as express findings of the state court.  See Campbell, 209 F.3d at

290 (3d Cir. 2000) (emphasis added).  As a result, this court must accept the holding by the

Superior Court of Pennsylvania that petitioner failed to make an adequate showing to prove the

prejudice as required by <u>Allen</u> and <u>Strickland</u>:  "although counsel argues that appellant asserted

his 'innocence' prior to agreeing to plead guilty, counsel makes no claim that appellant has a

defense to these charges.  Moreover, appellate counsel admits that trial counsel's legal advice to

appellant was sound.  Therefore there is nothing contained in appellant's arguments that

persuades this Court that the trial judge was incorrect in his conclusion that appellant failed to

demonstrate 'manifest injustice.'  By extension, there is no basis upon which to overrule the

judge's determination that counsel was not ineffective."  <u>See</u> Pa. Super Ct. Op. filed 2/23/2001 at

6-7.  As a result, the petitioner does not satisfy the second prong of the <u>Strickland</u> test, requiring

him to prove that "there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

     During the PCRA appeal, petitioner raised an ineffective assistance of counsel claim

against his direct appellate counsel for failure to raise judicial misconduct issues.  <u>See</u> Pa. Super

Ct. Op. filed 4/11/2005 at 4.  Specifically, petitioner contends that Siegel "provided ineffective

assistance of counsel when he failed to raise the issue of abuse of discretion when Judge

Lineberger denied the continuance requested by petitioner's Trial counsel."  Pet. Br. at 9.  At the

PCRA hearing, the Superior Court cited <u>Commonwealth v. Chumley</u>, 309 A.2d 497, 504 (Pa.

1978) for the proposition that "[i]n the context of a guilty plea, a petitioner must also show that

counsel's ineffectiveness is so manifest as to render the guilty plea involuntary."  Similarly, in

<u>Hill v. Lockhart</u>, 474 U.S. at 59, the U.S. Supreme Court stated: "the defendant must show that

there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and

would have insisted on going to trial." See also Dickerson v. Vaughn, 90 F.3d 87, 92 (3d Cir. 1996); U.S. v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). Petitioner has not "demonstrate[d] that Supreme Court precedent requires the contrary outcome." See Werts, 228 F.3d at 197. Consequently, this court finds the Superior Court's application of Chumley is not contrary to applicable federal law under § 2254(d)(1)

In light of Chumley, the Superior Court reviewed whether the petitioner's guilty plea was involuntary and concluded that "the validity of McClellan's guilty plea was determined on direct appeal." Pa. Super Ct. Op. filed 4/11/2005 at 8. Consequently, it found that "[h]aving been previously litigated, this claim is not open for review under the PCRA as it has been long established in Pennsylvania that a petitioner is not eligible for relief under the PCRA if the issue raised has been previously litigated." Id. at 8-9. Therefore, it deemed the issue waived. Id. at 9.

The Superior Court in the direct appeal affirmed the trial court's determination that petitioner did not enter an involuntary or unknowing plea. See Pa. Super Ct. Op. filed 2/23/2001 at 6-7. The Court cited Commonwealth v. Young, 695 A.2d 414, 417 (Pa. Super. 1997) for the proposition that "a defendant must show that his plea was involuntary or was given without knowledge of the charge," which substantively similar to the standards articulated in Tollett and Chumley.

Here, the petitioner failed to demonstrate that his pleas was involuntary or was given without knowledge of his charge. It rejected petitioner's argument that "the circumstances under which appellant agreed to accept his attorney's advice were so volatile and emotional that his plea could not be viewed as voluntarily, willingly and intelligently." See Pa. Super Ct. Op. filed 2/23/2001 at 6-7. As a result, the Superior Court did not err during the PCRA appeal by finding

19

the issue of whether petitioner had voluntarily entered a guilty plea had been previously litigated on direct appeal.  Consequently, it properly denied petitioner's claim on the merits.  Pa. Super Ct. Op. filed 4/11/2005 at 10.

## 4.   CONCLUSION

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at a time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should be issued.  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)(2)); see Miller-El v. Cokrell, 537 U.S. 322, 336 (2003).  To establish this, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484;  see Miller-El, 537 U.S. at 338.

Here, since petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability is not warranted.  See Slack, 529 U.S. at 484.  Accordingly, the *habeas* petition should be denied, and a COA should not issue.

My recommendation follows.

**R E C O M M E N D A T I O N**

AND NOW, this 12th day of December, 2006, upon consideration of the Petition for *Writ of Habeas Corpus* under 28 U.S.C. § 2254 and respondent's opposition thereto, for the reasons provided in the accompanying Report, it is RECOMMENDED that the habeas petition should be DENIED and that a certificate of appealability should not issue.

/s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT